# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# EUREKA DIVISION

| | |
|---|---|
| GUSTAVO COLIN LOPEZ, Plaintiff, v. WARDEN, SAN QUENTIN PRISON, et al., Defendants. | Case No. 19-cv-04108-RMI <br><br> **ORDER OF DISMISSAL WITH LEAVE TO AMEND** <br><br> Re: Dkt. No. 1 |

Plaintiff, a federal prisoner, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis*, and has consented to the jurisdiction of a Magistrate Judge (dkt. 5).

## DISCUSSION

### Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In the course of this review, the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." While specific facts are not necessary, the statement should impart fair notice of the nature of the claim and the grounds upon which it rests.

*Erickson v. Pardus*, 551 U.S. 89, 93 (2007). While it is true that a complaint "does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . [the] [f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must therefore proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The "plausible on its face" standard of *Twombly* has been explained as such: "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated; and, (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**Legal Claims**

Plaintiff alleges that defendants failed to protect him from an assault by another inmate.

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Id*. at 833; *Cortez v. Skol*, 776 F. 3d 1046, 1050 (9th Cir. 2015); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. *Farmer*, 511 U.S. at 834. A prison official is deliberately indifferent if she or he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. *Id*. at 837.

"In a § 1983 or a *Bivens* action – where masters do not answer for the torts of their servants

2

– the term 'supervisory liability' is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 677 (finding under *Twombly*, 550 U.S. at 544, and Rule 8 of the Federal Rules of Civil Procedure, that complainant-detainee in a *Bivens* action failed to plead sufficient facts "plausibly showing" that top federal officials "purposely adopted a policy of classifying post-September-11 detainees as 'of high interest' because of their race, religion, or national origin" over more likely and non-discriminatory explanations).

A supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012). Even if a supervisory official is not directly involved in the allegedly unconstitutional conduct, "[a] supervisor can be liable in this individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Starr v. Baca*, 652 F.3d 1202, 1208 (9th Cir. 2011) (citation omitted). The claim that a supervisory official "knew of unconstitutional conditions and 'culpable actions of his subordinates' but failed to act amounts to 'acquiescence in the unconstitutional conduct of his subordinates' and is 'sufficient to state a claim of supervisory liability.'" *Keates v. Koile*, 883 F.3d 1228, 1243 (9th Cir. 2018) (quoting *Starr*, 652 F.3d at 1208) (finding that conclusory allegations that supervisor promulgated unconstitutional policies and procedures which authorized unconstitutional conduct of subordinates do not suffice to state a claim of supervisory liability).

Plaintiff argues that he was mistakenly released from federal custody and transferred to San Quentin State Prison ("SQSP") while he awaited deportation by federal authorities. *Compl.* (dkt. 1) at 3. At SQSP Plaintiff was walking to his housing unit when a riot broke out on the yard, during which he was assaulted by an unknown individual. *Id*. Plaintiff states he was rendered unconscious and suffered serious injuries, and that while he was recovering from his injuries he was deported to Mexico. *Id*. While it is unclear, it appears that this incident may have occurred

3

1    sometime between 2013 and 2015. *See id*. at 9, 11.

2    Accordingly, the Complaint is dismissed with leave to amend such that Plaintiff can provide more information. The only Defendants are the Warden of SQSP, the Sheriff of Santa Clara County, and the Director of Immigration and Customs Enforcement. However, plaintiff fails to describe the actions of any particular Defendant, or any individual. To state an Eighth Amendment violation, Plaintiff must identify specific defendants, and then describe how they were deliberately indifferent to his safety. Simply stating that there was a riot and plaintiff was injured is insufficient. Plaintiff must present allegations that Defendants knew of and disregarded a risk to his safety and failed to take reasonable steps to protect him. That some of these Defendants are supervisors is insufficient. Plaintiff must describe either personal involvement in the constitutional deprivation or a sufficient causal connection between a supervisor's wrongful conduct and the constitutional violation. Plaintiff must provide more information with respect to the legal standard set forth above.

**CONCLUSION**

1. The complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above.  The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of this case.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

//

**IT IS SO ORDERED.**

Dated: October 10, 2019

ROBERT M. ILLMAN
United States Magistrate Judge