# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

GUSTAVO COLIN LOPEZ,

Plaintiff,

v.

WARDEN, SAN QUENTIN PRISON, et al.,

Defendants.

Case No. 19-cv-04108-PJH

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, a federal prisoner, proceeds with a pro se civil rights complaint under 42 U.S.C. § 1983. The amended complaint was dismissed with leave to amend and plaintiff has filed a second amended complaint.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim

is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff alleges that defendants failed to protect him from an assault by another inmate and that he received inadequate medical care.

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. *Farmer*, 511 U.S. 825, 832 (1994). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Id.* at 833; *Cortez v. Skol*, 776 F. 3d 1046, 1050 (9th Cir. 2015); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately

2

indifferent to inmate health or safety. *Farmer*, 511 U.S. at 834. A prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. *Id.* at 837.

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *Id.* at 1059.

"In a § 1983 or a *Bivens* action – where masters do not answer for the torts of their servants – the term 'supervisory liability' is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 677 (finding under *Twombly*, 550 U.S. at 544, and Rule 8 of the Federal Rules of Civil Procedure, that complainant-detainee in a *Bivens* action failed to plead sufficient facts "plausibly showing" that top federal officials "purposely adopted a policy of classifying post-September-11 detainees as 'of high interest' because of their race, religion, or national origin" over more likely and non-discriminatory explanations).

A supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012). Even if a supervisory official is not directly involved in the allegedly unconstitutional conduct, "[a] supervisor can be liable in this individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Starr v. Baca*, 652 F.3d 1202, 1208 (9th Cir. 2011) (citation omitted). The claim that a

3

supervisory official "knew of unconstitutional conditions and 'culpable actions of his subordinates' but failed to act amounts to 'acquiescence in the unconstitutional conduct of his subordinates' and is 'sufficient to state a claim of supervisory liability.'" *Keates v. Koile*, 883 F.3d 1228, 1243 (9th Cir. 2018) (quoting *Starr*, 652 F.3d at 1208) (finding that conclusory allegations that supervisor promulgated unconstitutional policies and procedures which authorized unconstitutional conduct of subordinates do not suffice to state a claim of supervisory liability).

Section 1983 does not contain its own limitations period. The appropriate period is that of the forum state's statute of limitations for personal injury torts. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985), *superseded by statute on other grounds as stated in Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 377-78 (2004); *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999); *Elliott v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1994). In the event the state has multiple statutes of limitations for different torts, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions. *See Silva v. Crain*, 169 F.3d 608, 610 (9th Cir. 1999). In California, the general residual statute of limitations for personal injury actions is the two-year period set forth at California Civil Procedure Code § 335.1 and is the applicable statute in § 1983 actions.[1] *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); *see also Silva*, 169 F.3d at 610 (limitations period for filing § 1983 action in California governed by residual limitations period for personal injury actions in California, which was then one year and was codified in Cal. Civ. Proc. Code § 340(3)).

Plaintiff argues that he was mistakenly released from federal custody and transferred to San Quentin State Prison ("SQSP") while he awaited deportation by federal authorities. At SQSP plaintiff was walking to his housing unit when a riot broke out and

---

[1] California Civil Procedure Code section 352.1 recognizes imprisonment as a disability that tolls the statute of limitations when a person is "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term of less than for life." Cal. Civ. Proc. Code § 352.1(a). The tolling is not indefinite, however; the disability of imprisonment delays the accrual of the cause of action for a maximum of two years. *See id.*

4

he was assaulted by an unknown individual. He states he was rendered unconscious and suffered serious injuries. While he was recovering from his injuries he was deported to Mexico. It is now clear that this occurred in April 2013.

The prior complaints were dismissed with leave to amend to provide more information. While plaintiff has now named additional individual defendants, he still must describe their specific actions and how they violated his constitutional rights. Plaintiff must present more information how the doctors allowing him to be released from custody for deportation violated his constitutional rights with respect to his injuries. He must describe the actions of the doctors who treated him, not simply supervisors who were employed at the prison at that time and may have been involved. Furthermore, the statute of limitations is four years when including tolling for plaintiff's imprisonment. The incident occurred in April 2013 and this case was filed in July 2019. Plaintiff must describe why this case should not be dismissed as untimely.

## CONCLUSION

1. The second amended complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above. The third amended complaint must be filed no later than **May 22, 2020**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to file an amended complaint may result in dismissal of this case.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: April 7, 2020

    /s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge